IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARCUS A. MALEY,

   Plaintiff,

 v.         Case No. 13-2374-SAC

STATE OF KANSAS, et al.,

   Defendants.

**MEMORANDUM AND ORDER**

  This 42 USC § 1983 case brought by the Plaintiff acting pro se comes before the Court on the Magistrate Judge's report and recommendation to dismiss the case. Plaintiff thereafter filed a document (Dk. 5) which the Court construes to be a timely objection to that recommendation.

  The Magistrate Judge screened Plaintiff's complaint because Plaintiff sought to proceed in forma pauperis. He found the complaint subject to dismissal because it provides no facts in support of Plaintiff's claim but only vague, rambling and conclusory allegations, and it names defendants who are "very likely immune from suit under the Eleventh Amendment." Dk. 4, p. 3. The Magistrate Judge also found that any attempt to amend the complaint would be futile.

  In an apparent effort to cure the factual deficiencies noted by the Magistrate Judge, the Plaintiff's objection states:

> On or about the 18th of July I called the State attorney generals (sic) office requesting an investigation, pertaing (sic) human abduction, attempted murder by Kansas law enforcement, I was denied report, investigation and assistance and was told the state attorney generals (sic) office was to look after the state only, this is fact, I was denied constitutional rights, protection, and put in imminent danger continuing. I want justice to the fullest.

Dk. 5, p. 1. It additionally states that Plaintiff's action is brought under § 1983 "against the State of Kansas, by the Chief law enforcement officer Derek Schmidt, for Tyranny, Omission, Obstruct enforcement, wich (sic) is gross negligence, and deliberate police misconduct, wich (sic) put plaintiff in continuing imminent danger of Life, Liberty and the pursuit of Happiness." *Id*. Plaintiff also alleges that various Kansas statutes were violated.

The Court construes Plaintiff's complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Ruark v. Solano*, 928 F.2d 947, 949 (10th Cir. 1991). But Plaintiff's complaint must nonetheless state sufficient facts to support a legal claim.

> ... [T]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.... [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.

*Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (alterations and internal quotation marks omitted). Thus, the Court is obligated to dismiss Plaintiff's § 1983 claim if he cannot allege that the defendants, acting under color of state law, deprived him of an existing constitutional right. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Plaintiff has no constitutional right for the State's Attorney General to represent him in his personal claims against Kansas law enforcement officers. The Attorney General's authority is only to appear "for the state" in actions in which the state is a party or the public interest is involved, and as otherwise required by the governor or the legislature. *State ex rel. Foster v. City of Kansas City*, 186 Kan. 190, *cert. denied*, 363 U.S. 831 (1960). Accordingly, Plaintiff's complaint, even if later amended by inclusion of the facts alleged in his objection, would fail to state a claim upon which relief may be granted.

Additionally, the Plaintiff fails to show that the Defendants are subject to suit under § 1983. As the Magistrate Judge correctly noted, the Defendants' Eleventh Amendment immunity provides an independent basis for dismissal of Plaintiff's claims. *See* Dk. 4, p. 3. "The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Wagoner Cnty. Rural Water Dist. No. 2. v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009). The Kansas Attorney General is an "arm of the state" and is entitled to the same immunity as is the State itself. *See State v. Finch,* 128 Kan. 665 (1929); K.S.A. §§ 75-702; 75-708 (stating the Kansas Attorney General is state's chief law officer, subject only to direction of Governor or either branch of Legislature); *Steele v. Stephan,* 633 F.Supp. 950, 953–54 (D.Kan. 1986) (finding Kansas Attorney General immune from suit within his official

capacity). *Cf, Meade v. Grubbs*, 841 F.2d 1512, 1525 -1526 (10th Cir. 1988) (finding Oklahoma Attorney General entitled to Eleventh Amendment immunity). Because the Plaintiff has sued the Attorney General in his official capacity, and no waiver or abrogation of immunity is suggested, neither the State of Kansas nor its Attorney General can be sued for damages in this court. Allowing Plaintiff to amend his complaint would thus be futile.

IT IS THEREFORE ORDERED that Plaintiff's case is dismissed for failure to state a claim on which relief may be granted.

IT IS FURTHER ORDERED that the motion of plaintiff for leave to proceed *in forma pauperis* (Dk. 3) is denied.

Dated this 14th day of August, 2013, at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge